IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 25-cv-02489-PAB

DONGGUAN GUARDIAN TECHNOLOGY CO., LTD.,

    Plaintiff,

v.

THE CORPORATIONS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

_____

**ORDER**
_____

The Court takes up this matter sua sponte. Plaintiff names defendants connected to e-commerce websites who allegedly infringe on plaintiff's patent, which include 204 listings on Amazon.com, 72 listings on Walmart.com, 36 listings on Temu.com, and 32 listings on US.Shein.com. See Docket No. 4 at 1; Docket No. 4-1.

Fed. R. Civ. P. 20(a)(2) governs the joinder of defendants and provides in relevant part:

> (2) Defendants. Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Similarly, 35 U.S.C. § 299, provides relevant in part:

> (a) Joinder of Accused Infringers. – With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are

>   accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if –
>
>   (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
>   (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
>   (b) allegations Insufficient for Joinder. – For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

35 U.S.C. § 299(a)-(b).

As explained in the Court's August 18, 2025 order denying plaintiff's motion for a temporary restraining order, plaintiff fails to show that joining the defendants identified in Schedule A in this lawsuit is proper pursuant to Fed. R. Civ. P. 20 and 35 U.S.C. § 299. *See* Docket No. 11 at 4-7.

It is therefore

**ORDERED** that, on or before **September 4, 2025**, plaintiff shall show cause why the defendants identified in Schedule A should not be dismissed due to improper joinder pursuant to Fed. R. Civ. P. 20 and 35 U.S.C. § 299.

DATED August 21, 2025.

> BY THE COURT:
>
> *[signature]*
>
> PHILIP A. BRIMMER
> Chief United States District Judge